Appeal No. 12-7065
Submitted without Oral Argument
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Case No. 1:11-cv-01452-JEB
Adversary Proceeding No. 11-10001

| | |
|---|---|
| In the Matter of Ludwig & Robinson, PLLC | ) |
| _____ | ) |
|  | ) |
| Yelverton Law Firm, PLLC | ) |
|     Appellant /Defendant | ) |
|  | ) |
| v. | ) |
|  | ) |
| Ludwig & Robinson, PLLC | ) |
|     Appellee/Plaintiff | ) |

On Appeal from the United States District Court
and Bankruptcy Court

PETITION FOR PANEL REHEARING

Stephen Thomas Yelverton, Esq.
D.C. Bar No. 264044
601 Pennsylvania Ave., N.W.,
Suite 900 South
Washington, DC 20004
Tel. 202-702-6708
Fax 202-403-3801

Table of Contents

Page(s)

Table of Authorities……………………………………..   3

Arguments in Support of Rehearing………………………   4

   The Order Overlooked or Misapprehended that
    Precedent of the D.C. Circuit Requires that Res Judicata
    be Applied without Discretion and Exception………….   4

   The Order Overlooked or Misapprehended that
    there is Jurisdiction to act to apply Res Judicata
    and it is proper to do so………………………………….   5

   The Order Overlooked or Misapprehended a
    Change in Circumstances resulting from the
    Order to Show Cause on December 7, 2013…………….   6

   The Order Overlooked or Misapprehended that
    L&R presented no valid Defense to the application
    of Res Judicata……………………………………………   7

   The Order Overlooked or Misapprehended that
    L&R has no Evidence and no Law in
    support of its debt claims against YLF………………….   10

Certificate of Service…………………………………………..   12

Addendum

   Order, by Court of Appeals,
    filed March 12, 2013

   Certificate of Parties

   Exhibit 1 --- YLF Pre-Trial Statement in Superior Court

   Exhibit 2 --- YLF Motion for Summary Judgment against L&R

## Table of Authorities

Page(s)

28 U.S.C. 1291………………………………………………………. 5

*Advantage Health Plan, Inc. v. Knight,
  139 F.Supp.2d 108,111 (D.D.C. 2001)…………………….. 9

*Apotex, Inc. v. Food & Drug Admin.,
  393 F.3d 210, 219 (D.C. Cir. 2004)…………………………. 4, 10, 12

*Cohn v. Beneficial Indus. Loan Corp.,
  337 U.S. 541, 546 (1949)…………………………………… 5

Federated Dep't Stores v. Moitie,
  452 U.S. 394, 401 (1981)…………………………………. 4

Heiser v. Woodruff,
  327 U.S. 726, 733 (1946)………………………………… 4

I.A.M. Pension Fund v. Industrial Gear,
  723 F.2d 944, 950 (D.C. Cir. 1983)……………………….. 5

Nat. Treasury Emp. Union v. I.R.S.,
  765 F.2d 1174, 1176 (D.C. Cir. 1985)………………………… 6

*Usher v. 1015 N St., N.W., Coop.,
  120 A.2d 921, 923 (D.C. App. 1956)………………………… 9

*RSM Production v. Freshfields,
  800 F.Supp.2d 182, 194 (D.D.C. 2011)……………………… 10

San Remo Hotel, L.P., v. City and County of San Francisco,
  545 U.S. 323, 336, n. 16 (2005)……………………………… 10

*Authorities upon which we chiefly rely are marked with an Asterisk

PETITION FOR PANEL REHEARING

COMES NOW, Yelverton Law Firm, PLLC ("YLF"), a dissolved Virginia limited liability company, by Stephen Thomas Yelverton, its former sole Member and now its successor in interest and sole proprietor since December 31, 2008, and pursuant to D.C. Circuit Rule 40 hereby timely submits this Petition for Panel Rehearing of Order, filed March 12, 2013.

The Order Overlooked or Misapprehended that Precedent of the D.C. Circuit Requires that Res Judicata be Applied without Discretion and Exception

1. The Order overlooked or misapprehended precedent of the D.C. Circuit in Apotex, Inc. v. Food & Drug Admin., 393 F.3d 210, 219 (D.C. Cir. 2004), requiring that Res Judicata be applied without exception.

"There is simply 'no principle of law or equity which sanctions the rejection by a Federal court of the salutary principle of Res Judicata.' "

"If there is any 'public policy' exception to Res Judicata, it applies only in very limited circumstances implicating significant questions of Constitutional law."

Quoting Heiser v. Woodruff, 327 U.S. 726, 733 (1946), and Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981).

2. In its Motion for Summary Reversal, filed September 4, 2012, YLF directly raised and focused on the issue of Res Judicata. In its response, filed January 7, 2013, Ludwig & Robinson, PLLC ("L&R"), addressed the application of Res Judicata to its claims against YLF, but raised no Constitutional defense.

4

3. Accordingly, L&R presented <u>no</u> public policy reason or exception to the application of Res Judicata to its claims against YLF. Thus, precedent of the D.C. Circuit requires that Res Judicata be applied against L&R. See also, <u>I.A.M. Pension Fund v. Industrial Gear</u>, 723 F.2d 944, 950 (D.C. Cir. 1983), courts must <u>not</u> be penurious in giving full effect to Res Judicata.

<u>The Order Overlooked or Misapprehended that there is
Jurisdiction to act to apply Res Judicata and it is proper to do so</u>

4. The <u>Order</u> overlooked or misapprehended that there is jurisdiction to act to apply Res Judicata, and it is proper to do so. YLF appealed its right to immediate application of Res Judicata on the basis of the "Collateral Order Doctrine" of <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949). Thus, there is "finality" under 28 U.S.C. 1291 to apply Res Judicata.

5. However, there is <u>no</u> finality under 28 U.S.C. 1291, as to the matters that the <u>Order</u> did rule upon. Both the District Court's <u>Orders</u>, filed May 3, 2012, and June 22, 2012, were dismissed <u>without</u> prejudice, and thus could <u>not</u> have been final. As being non-final, the Court of Appeals has <u>no</u> jurisdiction under 28 U.S.C. 1291 to act on these rulings.

6. Thus, the <u>only</u> "final" matter under 28 U.S.C. 1291 before the Court of Appeals to act upon is the application of Res Judicata to the claims of L&R against YLF. There is <u>nothing</u> else that is properly before the Court in this Appeal.

5

7. Where a party pleads and does <u>not</u> waive Res Judicata in the District Court, the Court of Appeals may "recognize and rule upon it," even though the District Court did <u>not</u> rule on the matter, and even where it is <u>not</u> an issue on Appeal. <u>Nat. Treasury Emp. Union v. I.R.S.</u>, 765 F.2d 1174, 1176 (D.C. Cir. 1985). Accordingly, it is proper for the Court of Appeals to rule on Res Judicata, <u>without</u> regard to what the District Court did.

<u>The Order Overlooked or Misapprehended a Change in Circumstances resulting from the Order to Show Cause on December 7, 2012</u>

8. On October 31, 2012, YLF filed with the Court of Appeals a "Petition for Permission per FRAP Rule 5 to Allow Certification for Immediate Direct Appeal to the United States Court of Appeals" of Case No. 1:12-cv-01996-RLW, which raises the <u>same</u> claims as to Res Judicata being applied to L&R. The due date for completion of the request for permission was December 15, 2012.

9. However, on December 7, 2012, the Court of Appeals issued its Order to Show Cause against L&R, which indicated the intention of the Court to render a summary decision without Briefing and an Oral Argument.

10. It thus appeared to YLF that to continue with a Certification to consolidate the two Appeals would unduly complicate and delay resolution of the Appeal herein in a summary decision.

**6**

11. Accordingly, YLF should <u>not</u> be penalized in this Appeal for acting to prevent what appeared would be undue complication and delay in summary resolution of this Appeal, based upon a change in circumstances after its Petition was filed on October 31, 2012, which was the Order to Show Cause issued to L&R on December 7, 2012, indicating that there would be a summary resolution of this Appeal, without need to consider Case No. 1:12- cv-01996-RLW.

12. The Court of Appeals has the authority on its own motion to Remand this Appeal to consolidate with Case No. 1:12-cv-01996-RLW. An Appellant Brief was timely filed on December 27, 2012, as to Res Judicata being applied to L&R, but it <u>failed</u> to file an Appellee Brief, or any response. The Appeal remains pending before the District Court.

<u>The Order Overlooked or Misapprehended that L&R presented<br>No Valid Defense to the application of Res Judicata</u>

13. The <u>Order</u> overlooked or misapprehended that L&R in its Response of January 7, 2013, presented <u>no</u> valid defense to Res Judicata being applied to its claims against YLF.

14. On September 29, 2009, L&R commenced the civil action against YLF in Case No. 2009 CA 007194 B before the D.C. Superior Court. The Complaint is virtually <u>identical</u> to the Complaint in Adversary Proceeding No. 09-10023, which L&R had filed in the Bankruptcy Court on August 10,

7

2009, against Yelverton as the Principal of YLF. Both Complaints pleaded the <u>same</u> "nucleus of facts" as to the <u>same</u> transactions, and both pleaded that Yelverton was acting as the Agent for his Principal, YLF, in all the transactions. Both Complaints pleaded the <u>same</u> purported debts for the <u>same</u> amount of money of $14,405.56, and both Complaints pleaded that YLF owed these debts.

15. L&R pursued its claims of $14,405.56 against YLF in Adversary Proceeding No. 09-10023, although Yelverton was the <u>only</u> named Defendant. The evidence presented by L&R was with respect to YLF.

16. Although Adversary Proceeding No. 09-10023 was before the Bankruptcy court, it was a <u>separate</u> proceeding from the Bankruptcy of Yelverton in Case No. 09-00414.

17. Although an Adversary Proceeding is conducted before a Bankruptcy Court, it is a civil proceeding fully under the Federal Rules of Civil Procedure. Thus, L&R was free to add claims against YLF and to name it as a party under Fed. R. Civ. P., Rules 15 and 19. However, L&R elected <u>not</u> to add claims against YLF, and <u>not</u> to name it as a party.

18. On June 2, 2010, the Bankruptcy Court <u>denied</u> all the claims of L&R in Adversary Proceeding No. 09-10023, and found that <u>nothing</u> was owed to it, and that Yelverton had committed <u>no</u> fraud on behalf of YLF.

**8**

19. L&R elected <u>not</u> to Appeal this adverse decision, and it thus became Final. L&R began aggressively prosecuting Case No. 2009 CA 00714 B against YLF in the Superior Court. Although Yelverton was <u>not</u> named as a party, the Complaint pleaded he had engaged in purported fraud against L&R on behalf of YLF. These allegations are <u>identical</u> to the fraud allegations, which were <u>denied</u> in Adversary Proceeding No. 09-10023.

20. On January 10, 2011, YLF filed for Removal under 28 U.S.C. 1452 (a) of Case No. 2009 CA 007194 B from the Superior Court to the Bankruptcy Court. It became Adversary Proceeding No. 11-10001.

21. On February 8, 2011, YLF filed a Motion for Summary Judgment as to Res Judicata. The Bankruptcy Court <u>refused</u> to address this issue.

22. YLF then filed for Review to the District Court under 28 U.S.C. 157 (c)(1). It <u>refused</u> to address the issue of Res Judicata.

23. The law in the District of Columbia is conclusive that there is "privity" between an Agent and Principal for purposes of Res Judicata, where the transactions arise from the <u>same</u> "nucleus" of facts." <u>Usher v. 1015 N Street, N.W. Coop.</u>, 120 A.2d 921, 923 (D.C. App. 1956), "privity" includes Agent and Principal, where claims are within the Agency; <u>Advantage Health Plan, Inc. v. Knight</u>, 139 F.Supp.2d 108, 111 (D.D.C. 2001), causes of action <u>cannot</u> be split between Agent and Principal.

**9**

24. A plaintiff will <u>not</u> be allowed to re-litigate his previously denied claims by simply asserting a new legal theory, and "naming a party that could have been named in the earlier suit." <u>RSM Production v. Freshfields</u>, 800 F.Supp.2d 182, 194 (D.D.C. 2011), citing to <u>San Remo Hotel, L.P., v. City and County of San Francisco</u>, 545 U.S. 323, 336, n. 16 (2005).

25. Yet, this is exactly what L&R did. It sued Yelverton and lost, and YLF was named as a party to prosecute the <u>same</u> claims against YLF, but where L&R was free to have named YLF as a party to the earlier suit against Yelverton, which it had <u>lost</u>.

26. Accordingly, because L&R pleaded Yelverton was acting as an Agent for his Principal, YLF, in the <u>same</u> transactions in the "nucleus of facts," and because L&R has presented <u>no</u> facts and <u>no</u> law to refute the application of Res Judicata, the precedent of the D.C. Circuit in <u>Apotex</u> requires Res Judicata to be applied, with <u>no</u> discretion and <u>no</u> exception, to terminate the previously denied claims of L&R.

<u>The Order Overlooked or Misapprehended that L&R has No Evidence and No Law in support of its debt claims against YLF</u>

27. Although <u>not</u> necessary to determine the applicability of Res Judicata, the <u>Order</u> overlooked or misapprehended that L&R has <u>never</u> had any evidence and has <u>never</u> had any law in support of its claims against YLF, or Yelverton, and that such claims are entirely baseless.

**10**

28. On August 1, 2012, YLF filed a Motion for Summary Judgment with the Superior Court against L&R on its reduced claims of $11,852.98. This consists of $1,723.28 for purportedly unpaid office expenses; $1,828 for purportedly unpaid medical insurance, and $8,274.20 for purportedly unpaid office rent. See, YLF Exhibits 1 and 2.

29. In its Motion for Summary Judgment, YLF demonstrated that the office expenses had actually been billed to Wade H. Atkinson, Jr., another sub-tenant, and that Atkinson had paid these expenses to L&R in full in 2008, when they were billed to him. Thus, <u>nothing</u> was ever owed by YLF.

30. YLF demonstrated that all the medical insurance premiums had been paid by Yelverton in 2007-2008, when they were billed, although some payments were made late. Thus, <u>nothing</u> was ever owed by YLF.

31. YLF demonstrated that it and Yelverton had paid all office rent through May 31, 2008, when they moved out as month-to-month sub-tenants, although some payments were made late, and that the sub-lease had ended in March 2008. Thus, <u>nothing</u> was ever owed by YLF.

32. L&R has <u>failed</u> to respond with any evidence or law. The Superior Court has <u>failed</u> to act upon YLF's Motion for Summary Judgment.

33. YLF has asserted Counter-Claims against L&R for "abuse of process" in prosecuting debts that L&R <u>knew</u> were <u>never</u> owed by YLF.

**11**

WHEREFORE, in view of the foregoing, the <u>Order</u>, filed March 12, 2013, overlooked or misapprehended precedent of the D.C. Circuit in <u>Apotex</u> requiring that Res Judicata be applied against L&R, with <u>no</u> discretion and <u>no</u> exception, as to its previously denied claims.

This the 11th day of April, 2013.

Respectfully submitted,

YELVERTON LAW FIRM, PLLC


By:_____/s/_____
Stephen Thomas Yelverton, Esq., D.C. Bar No. 264044,
as sole proprietor and successor to,
Yelverton Law Firm, PLLC
601 Pennsylvania Ave., N.W., Suite 900 South
Washington, D.C. 20004
Tel.  202-702-6708
Fax: 202-403-3801
Email:  styelv@aol.com

## Certificate of Service

I, Stephen Thomas Yelverton, Esq., hereby certify that this Petition for Panel Rehearing was served this 11th day of April, 2013, by ECF and E-Mail on:

Robert W. Ludwig, Jr., Esq.
Carl F. Lettow, Esq.
Salvatore Scanio, Esq.
Ludwig & Robinson, PLLC
1717 Pennsylvania Ave., N.W.,  Suite 650
Washington, DC  20006

_____/s/_____
Stephen Thomas Yelverton, Esq.